Locke
 
 — Judge,
 

 delivered the opinion of the court. The act of 1784,, di. 14, declares thatfrom time to time and at a’l times thereafter, the courts of the several counties in this slate, shall have full power and authority to appoint and settle ferries and to order the laying oat of public roads where necessary, and to appoint where bridges shall be built, and to discontinue such roads as then were or thereafter should be found useless, and to alter roads so as to make them more useful as often as occasion shall require/, By this act, the power and authority to lay out public road3 is vested in the County Courts: they are clothed with the power of judging where roads shall run, when or how to be changed or discontinued. When they have exercised this power and declared a public road shall be laid out, the third section of the act directs “ that it shall be laid out by a. ju-yy of freeholders, to the greatest advantage of the inhabitants and the jury shall assess the amount of damages which private persons may sustain by such road, going through
 
 *119
 
 their land.” This section directs how the order of the Count)' Court shall he executed
 
 ;
 
 but no judicial authority is vested in the jury with regard to the propriety or impropriety of such road : that power rests with the court, and when once exercised, the jury are bound to carry their order into effect. It is not accessary to examine the reasons which induced the legislature to vest the sole authority oa this subject in the County Courts
 
 ;
 
 it is sufficient to say, they have done so. But the reason probably was, that the County Courts had a more perfect knowledge on this subject; they are held by all the justices of the county who reside in different parts thereof, and few applications can be made for orders to Jay out roads, without some member of the court being able to judge of the necessity or utility of such road. The Superior Courts would in almost all instances be compelled to form an opinion upon the representation of men who were in some way interested, or influenced by their prejudices and partialities. The act of Assembly has therefore for-good teasons, given jurisdiction in such cases to the -County Courts ; their means of information to enable them to exercise this jurisdiction beneficially, are superior to those of any other tribunal.-
 

 The next and important consideration is, whether altho’ jurisdiction on this subject is given to the County Courts, the party praying for the order may not appeal from their decision and have his claim examined in the Superior Court. The act of
 
 1777,
 
 ch. 2, sec. 82, declares “ that when any person or persons, either plaintiff or defendant, shall be dissatisfied with the sentence, judgment or decree of any County Court, he or they may pray an appeal from such sentence, judgment or decree, to the Superior Court of the district where such County Court shall be.” And the 99th section, provides that all persons in whose favour judgment shall be given, shall be entitled to full cost. When the Legislature have prescribed the jurisdiction of the County
 
 *120
 
 Courts and in several instances !>ave declared the right of appeal to the party dissatisfied with their judgment, it may that an appeal will never be sustained iti a Superior Court, except in those instances directed by the Legislature. With regard to the subject of roads, jurisdio' tion over it is not given by the Legislature, unless the case can be brought within the provisions of the 82 sec. of the act of 1777. This clause seems to be confined to causes regularly brought before the Court, where there are a plaintiff and defendant to be affected by the judgment, is the present such a case ? who is the plaintiff and who is the defendant ? Hawkins, who merely files a petition to obtain an order for laying out a road cannot be considered a plaintiff within the meaning of the act, and surely the County Court of Randolph cannot be considered as defendant, merely be* cause in their individual capacities, they have delivered an opinion with which Hawkins is dissatisfied. This seems to be a case without, either plaintiff or defendant and therefore not within the meaning of the act. To shew this more clearly, let us observe, that the 82 section of the act of 1777, requires the appellant to give bond and security to prosecute his appeal with effect, and to perform the judgment of the Superior Court. To whom ought the bond to be given in this case ? Process has been served on no person
 
 ;
 
 the Court are to grant the appeal and to judge of the sufficiency of the securities offered by the appellent $ they cannot therefore be considered as parties defendants. Hawkins then cannot give such bond as is required, and until such bond is given, an appeal cannot be obtained. But suppose the appeal should be sustained, and the Supreme Court should order the laying out of the road as prayed for, Hawkins would
 
 be
 
 entitled to full Costs. Against whom shall judgment be entered for their costs ? shall judgment be rendered against the County Court for costs, because they have given an opinion on the subject of a road which the Superior Court
 
 *121
 
 Save reversed ? this certainly cannot be done. Costs then Cannot be decreed to Hawkins, although be should prevail: Rut the right to costs is conferred on the party in whose fátor judgment is given, by the very act which authorises the appeal, and if within its provisions in one part, ought to be so in all.
 

 But it is said there is a necessity for such provision; for that the members of the County Court might conclude and refuse an order for the most useful road. If such necessity does exist, the remedy lies with the Legislature and not with the Court, whose business it is to administer and expound the law, not;to make it_The appeal cannot be sus*-tained and must therefore be dismissed.