On a careful examination of the acts of Assembly respecting the power of the county courts to order the laying out of roads, etc., we cannot discover any distinction between the case under consideration and the case of Hawkins from the county of Randolph, in which it was determined that an appeal would not lie from the judgment of the county court to the Superior Court in the matter of roads, etc.
The right of appeal in such cases is given by an act of the General Assembly passed at their last session, which operates on all future cases.
This appeal having been brought up before the passing of said act, and at a time when there was no legal authority for the same, the Superior Court had no jurisdiction of it.
Appeal dismissed.
NOTE. — The case of Hawkins v. Randolph, 5 N.C. 118, decided that an appeal would not lie to the Superior Court from an order of the county court, concerning a public road. The act of 1813 (1 Rev. Stat., ch. 104, sec. 3) expressly gives an appeal in such cases. But it was decided in Ladd v. Hairston, 12 N.C. 368, that that act did not apply to cases of petition for a private way, but an appeal was allowable in such cases by the general appeal law of 1777 (1 Rev. Stat., ch. 4, sec. 1) as being a contest between two individuals. No appeal is given in a proceeding under the act of 1834. (1 Rev. Stat., ch. 104, sec. 7) to turn a road on one's own land. Gatling v. Liverman, 23 N.C. 63.
Cited: Ladd v. Hairston, 12 N.C. 369.
(127)